Justice ZAPPALA,
dissenting.
I dissent and would hold that under the circumstances of this case, where the natural father is aware of the natural mother’s placement of the child for adoption and the prospective adoptive parents in fact assumed primary parenting responsibility, the prospective adoptive parents stand in loco parentis to the child and have standing to intervene in the custody action brought by the child’s natural father.
In holding to the contrary, the majority relies solely upon Gradwell v. Strausser, 416 Pa.Super. 118, 610 A.2d 999 (1992). In Gradwell, the paternal grandfather of the child contended that pursuant to section 5313 of the Domestic Relations Code,[1] he had standing to file a custody action against the child’s natural parents. The grandfather had resided with the child and her parents for almost, two years and resided with the child without her parents *1231 for a period of two months. The child, who was fifteen years old at'the time of the proceeding, indicated to the court that she preferred to live with her grandparents.
The trial court dismissed the custody action and the Superior Court affirmed. The court emphasized that section 5813 did not provide a presumption of in loco parentis status for grandparents, but rather was intended to assure continuing contact of the child with the grandparent when a parent is deceased, divorced or separated. See 28 Pa.C.S. § 5301. The court recognized that it had no power to order grandparent visitation where both parents were alive, reside together with the child, and object to visitation.
The court stated:
Without more, a child’s preference and the fact that the child and grandparent resided together for a period of time is insufficient to support a finding that [the grandparent] stood in loco parentis and has overcome the parents’ prima facie right to custody. A third party cannot place himself in loco parentis status in defiance of the parents’ wishes and the parent/child relationship.
610 A.2d at 1003.
Unlike Gradwell, the instant case does not involve a third party’s challenge to the custody of a child in an intact family. Here, the party asserting in loco parentis status was given specific authority to parent the child by one of the natural parents. Although the natural father’s subsequent opposition to the adoption can not be ignored, it also can not undo the facts that have occurred. Simply put, the prospective adoptive parents have “assumed parental status” and have “discharged parental duties.” Accordingly, they stand in loco parentis to the child and have standing to intervene in the custody proceeding.[2]

. Section 5313 provides:
If an unmarried child has resided with his grandparents or great grandparents for a period of 12 months or more and is subsequently removed from the home by his parents, the grandparents or great-grandparents may petition the court for an order granting them reasonable partial custody or visitation rights, or both, to the child. The court shall grant the petition if it finds that visitation rights would be in the best interest of the child and would not interfere with the parent-child relationship.
23 Pa.C.S. § 5313.

. In the Opinion in Support of Affirmance in In the Interest of G.C., 735 A.2d 1226, 1999 Pa. Lexis 2246 (1999), I opined that foster parents lack standing to seek or contest awards of custody concerning their foster children. This conclusion was based on the fact that, pursuant to the controlling statutory scheme, the foster parent/child relationship is temporary in nature. See 42 Pa.C.S. § 6351(a)(2). To the contrary, the instant case involves prospective adoptive parents, whose role is distinct from that of a foster parent. See Mitch v. Children and Youth S.S. Agency, 383 Pa.Super. 42, 556 A.2d 419 (1989) (sufficient distinctions exist between prospective adoptive parents and foster parents to afford the former standing to seek judicial review of an agency’s decision regarding custody).